Payne *vs.* Coursey.

---

No. 108.—Columbus M. Payne, plaintiff in error, *vs.* James A. Coursey, defendant in error.

[1.] By the VIIIth section of the Tax Act of 1804, perpetuated by subsequent statutes, it is provided, that "If any person or persons shall neglect or refuse to give in a return of his, her or their taxable property, or shall be convicted of fraud or making a false return thereof, he, she or they shall be liable to pay to the Clerk of the Inferior Court of the county a fine of ten dollars for every hundred dollars valuation so neglected or concealed, one half whereof for the use of the county under the direction of the Inferior Court, and the other half for the use of the informer or informers, to be recovered in any Court having cognizance of the same": *Held,* that this Act is in force, and that a *qui tam* action may be maintained under it to recover the penalty.

Debt, in Fulton Superior Court. Tried before Judge BULL, April Term, 1856. ⸳

This was an action of debt brought by Columbus M. Payne, Clerk of the Inferior Court of said county, under the direction of said Court, and upon the information of Madison S. Yoakum, for the County of Fulton and the said Yoakum,. against James A. Coursey.

The declaration alleges, "that on the 1st day of April, 1854, Coursey owned and possessed real estate of the value of $5.000, and slaves of the value of $3.000, in the County of Fulton; that said land and negroes were taxable by the laws of the State at their full and fair market value, which was the sum of $8.000; that Coursey fraudulently and falsely returned the same to the Receiver of tax returns of said county at a rate and value greatly below their market value—the land at $750, and the negroes at $1.200—whereby an action hath accrued to petitioners for the use of the County of Fulton, and the said Yoakum as informer, to recover of and from the said Coursey the sum of ten dollars for every hundred dollars valuation so subjected by him to be returned," &c.

At the trial, Counsel for defendant moved the Court to dismiss the action, on the ground that the same cannot be maintained under the law and the pleadings.

The Court sustained the motion and dismissed the action, and Counsel for plaintiff excepted.

HAYGOOD & WHITAKER, for plaintiff.

GARTRELL & GLENN, for defendant. ⸳

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the VIIIth section of the Tax Act of 1804, which is perpetuated by subsequent statutes, it is provided, that "If any person or persons shall neglect or refuse to give in a re-

Payne *vs.* Coursey.

turn of his, her or their taxable property, or shall be convict-
ed of fraud or making a false return thereof, he, she or they
shall be liable to pay to the Clerk of the Inferior Court of
the county a fine of ten dollars for every hundred dollar's val-
uation so neglected or concealed, one half whereof for the
use of the county, under the direction of the Inferior Court,
and the other half for the use of the informer or informers,
to be recovered in any Court having cognizance of the
same."

Under this law, a *qui tam* action was brought against
James A. Coursey to recover the penalty given by the Stat-
ute for making a false and fraudulent return as to the value
of his property. The writ alleged that instead of being worth
$1.950, the price at which it was returned, it should have
been valued at $8.000.

At the trial, a motion was made and sustained to dismiss
the action, upon what ground, does not appear. It is stated
in the argument, that it was upon the idea that the delin-
quent tax payer had first to be *convicted* criminally upon in-
dictment, and fined to the amount of the penalty imposed by
the Act, before suit could be brought.

Such, we apprehend, is not the proper construction of the
Statute. A *qui tam* action is to be brought, as here, in the
first instance; if the Jury find the fact, that the party is
guilty of fraudulently returning his taxable property to the
amount of the difference between its true valuation and what
it is given in at, this is the *conviction* and the only one con-
templated. And thereupon, the Court, by its judgment, pro-
ceeds to inflict the penalty which the law prescribes; that is,
$10 on every hundred dollars thus fraudulently returned.

This is an old Act originating as far back as 1789. (See
*Marbury & Crawford's Digest,* 477,) and one of the best in
the book. And it should be a matter of public congratula-
tion, that some one has been found to enforce its provisions.
Not that it will bring any more money into the State Treas-
ury, but it will greatly reduce the per centage paid by hon-
est and conscientious citizens. All such should aid and abet

in the execution of this law. Instead of looking upon such prosecutions as odious, they should be considered meritorious in the highest degree. The smuggler defrauds the Government, but cheapens the commodity to his neighbor; whereas, the fraudulent tax payer, and they abound in every community, saddles his neighbor and fellow-citizens with that which, under a false oath, he withholds from Cæsar.